IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BEN ROTEN, | § | |
| | § | |
| Defendant Below, | § | No. 493, 2018 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0907011738 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: March 28, 2019
Decided: April 3, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices

# **O R D E R**

After consideration of the appellant's opening brief, the State's motion to affirm, the supplemental submissions, and the record on appeal, the Court concludes that:

(1)     The *pro se* appellant, Ben Roten, filed this appeal from the Superior Court's denial of his second motion for correction of an illegal sentence under Superior Court Criminal Rule 35(a). The State has filed a motion to affirm the judgment below under Supreme Court Rule 25(a). We agree that the appeal is without merit and affirm.

(2)     The record reflects that in January 2010 a Superior Court jury convicted Roten of one count of Assault in a Detention Facility. The State moved to declare

Roten a habitual offender under 11 *Del. C.* § 4214(a). On February 19, 2010, the Superior Court granted that motion and sentenced Roten to imprisonment at Level V supervision for twenty-five years, to be followed by six months of Level IV work release. On direct appeal, Roten argued, among other issues, that the State had failed to establish the requisite prior convictions to qualify Roten as a habitual offender. This Court affirmed Roten's conviction and sentence on direct appeal.[1]

(3) In August 2018, Roten filed a motion for correction of illegal sentence, which the Superior Court denied. Roten has appealed to this Court. He contends that his North Carolina conviction for the offense of Felonious Larceny does not constitute a predicate felony under the habitual offender statute.[2]

(4) The circumstances in which the Superior Court will change a sentence under Rule 35(a) are narrow.[3] Rule 35(a) permits relief when the sentence imposed exceeds the statutorily-authorized limits or violates the Double Jeopardy Clause.[4] Roten does not, and could not, argue that his sentence exceeds the legal limits or violates double jeopardy principles. As a habitual offender, Roten was eligible by

---

[1] *Roten v. State*, 2010 WL 3860663 (Del. Oct. 4, 2010).
[2] In addition to several motions for postconviction relief or sentence modification, Roten previously filed a motion for correction of illegal sentence in which he challenged his sentencing as a habitual offender on the basis that, among other arguments, his prior convictions were not predicate felonies under the habitual offender statute. The Superior Court denied that motion, and this Court affirmed. *Roten v. State*, 2012 WL 3096659 (Del. July 30, 2012).
[3] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[4] *Id.*

statute for a sentence of up to life imprisonment.[5]  But the Superior Court sentenced him to twenty-five years' imprisonment, the maximum term of incarceration that would be allowed for his conviction of Assault in a Detention Facility, whether or not he was a habitual offender.[6]  His sentence therefore did not exceed the statutory limits, even if he were erroneously declared to be a habitual offender.

(5)  In any event, the Superior Court did not err by declaring Roten to be a habitual offender under Section 4214(a).  The version of Section 4214(a) that was in effect at the time of Roten's sentencing provided that if a defendant "has been 3 times convicted of a felony . . . under the laws of this State, and/or any other state, United States or any territory of the United States, and who shall thereafter be convicted of a subsequent felony of this State is declared to be an habitual criminal, and the court in which such 4th or subsequent conviction is had, in imposing sentence, may in its discretion impose a sentence of up to life imprisonment upon the person so convicted."[7]

(6)  Roten contends that his 1998 conviction in North Carolina for Felonious Larceny does not qualify as a predicate felony under Section 4214(a).[8]

---

[5] 11 *Del. C.* § 4214(a).

[6] *See* 11 *Del. C.* § 4205(b)(2) (providing the sentencing range of two to twenty-five years at Level V for a class B felony); 11 *Del. C.* § 1254(b) (providing that Assault in a Detention Facility is a Class B felony if the victim is seriously physically injured).

[7] 11 *Del. C.* § 4214(a) (eff. July 12, 2004 through June 29, 2010).

[8] Roten does not argue that the other predicate offenses on which the State relied in seeking to have him declared a habitual offender—including his conviction in 2004 in Delaware for Assault

3

Under the applicable version of Section 4214(a), Felonious Larceny conviction constituted a predicate offense if it was a conviction of "a felony . . . under the laws of . . . any other state."[9] The record reveals that, in addition to the predicate offenses that Roten does not challenge, Roten was convicted of larceny of goods with a value of $1,200, a Class H felony under North Carolina law.[10] Roten therefore undeniably had been convicted of three prior felonies,[11] and the Superior Court correctly declared Roten to be a habitual offender.

(7) Roten's sentence was within statutory limits whether or not he was correctly declared to be a habitual offender, and the Superior Court did not err by declaring Roten to be a habitual offender. Accordingly, we find no error in the Superior Court's denial of the motion for correction of sentence.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

First Degree and his 1998 conviction in North Carolina of Felonious Breaking and Entering—do not qualify as predicate felonies.

[9] 11 *Del. C.* § 4214(a) (eff. July 12, 2004 through June 29, 2010).

[10] N.C. GEN. STAT. ANN. § 14-72(a).

[11] *Cf. Ayala v. State*, 2019 WL 508797, at *10 (Del. Feb. 11, 2019) (applying the language of Section 4214 in the context of prior convictions for Delaware offenses that were no longer felonies under Delaware law at the time of the offense for which the State sought to declare the defendant a habitual offender).